UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COREY S.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**

1:20-CV-01104 EAW

# **INTRODUCTION**

Represented by counsel, plaintiff Corey S. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 13; Dkt. 15), and Plaintiff's reply (Dkt. 17). For the reasons discussed below, Plaintiff's motion (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings and the Commissioner's motion (Dkt. 15) is denied.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on June 22, 2017. (Dkt. 12 at 24, 88, 97).[1] In his applications, Plaintiff alleged disability beginning January 1, 2014. (*Id.* at 24, 90). Plaintiff's applications were initially denied on September 14, 2017. (*Id.* at 24, 115-30). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Brian Battles on May 14, 2019. (*Id.* at 24, 43-87). On June 13, 2019, the ALJ issued an unfavorable decision. (*Id.* at 21-41). Plaintiff requested Appeals Council review; his request was denied on June 19, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 5-10). This action followed.

## LEGAL STANDARD

**I.     District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

**DISCUSSION**

I.      **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on March 31, 2015. (Dkt. 12 at 27). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 1, 2014, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "obesity, degenerative disc disease, traumatic brain injury with residual headaches, and left foot drop." (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of adjustment disorder and neurocognitive disorder were non-severe. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 30). The ALJ particularly considered the criteria of Listings 1.02, 1.04, 11.18, and the effects of Plaintiff's obesity in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations:

> [Plaintiff] can occasionally push and pull and operate foot controls with the left lower extremity. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. He can never climb ladders, ropes or scaffolds. He can frequently handle, finger, and reach overhead with the left (non-dominant) upper extremity. He can never work in an area that has concentrated exposure to extreme heat or cold. He can never work in hazardous environments such as at unprotected heights or around moving mechanical parts. [Plaintiff] must be allowed to stand for 5 minutes after

sitting for 30 minutes throughout the workday while remaining at the workstation.

(*Id.*). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 34).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of assembler, inspector, and hand trimmer. (*Id.* at 35-36). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 36).

## II.   Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that: (1) the ALJ failed to satisfy his affirmative duty to develop the record; (2) the ALJ failed to properly evaluate the opinions of Plaintiff's primary care physician, Dr. Edwin Heidelberger; and (3) the ALJ's credibility analysis was not supported by substantial evidence. (Dkt. 14 at 1). For the reasons set forth below, the Court finds that the ALJ was required to make further efforts to supplement the record and that remand for further proceedings is required.

### A.   Duty to Develop the Record

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). Specifically, the ALJ must "investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Vincent*

*v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011). "The ALJ's duty to develop the administrative record encompasses not only the duty to obtain a claimant's medical records and reports, but also the duty to question the claimant adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity." *Puckett v. Berryhill*, No. 17CIV5392 (GBD)(KHP), 2018 WL 6061206, at *2 (S.D.N.Y. Nov. 20, 2018). "The ALJ must 'make every reasonable effort' to help the claimant get medical reports from his or her medical sources as long as the claimant has permitted the ALJ to do so." *Sotososa v. Colvin*, No. 15-CV-854-FPG, 2016 WL 6517788, at *3 (W.D.N.Y. Nov. 3, 2016) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996)). However, the ALJ's duty to develop the record is not limitless. "[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information. . . ." *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (internal quotation marks and citation omitted).

Here, Plaintiff contends that the record was missing the following: "treatment notes from Dr. Heidelberger for visits after February 2015, his medical marijuana treatment notes, ACCESS-VR[2] vocational records, physical therapy records, [and] a SPECT scan that revealed significant brain findings." (Dkt. 14 at 15). The Commissioner argues in

---

[2]     ACCESS-VR is an acronym for "the New York State Education Department's Adult Career and Continuing Education Services - Vocational Rehabilitation." *Thomas v. Comm'r of Soc. Sec.*, No. 18-CV-88SR, 2019 WL 4394237, at *5 (W.D.N.Y. Sept. 13, 2019).

opposition that "this argument must fail as Plaintiff failed to make any mention to the ALJ regarding the need for such records." (Dkt. 20-21).

The Commissioner's argument is incorrect as a factual matter. At the close of the administrative hearing, the ALJ asked Plaintiff, "is there anything specific you want me to remember before I do make a decision in your case other than what we've discussed obviously?" (Dkt. 12 at 86). Plaintiff responded, "I just wanted to make sure that you have the work counselors for the Access VR and my job developer. She told me to give you her card[.]" (*Id*.). Plaintiff then provided contact information for his ACCESS-VR counselor. (*Id*.). In other words, Plaintiff not only advised the ALJ of the existence of records from ACCESS-VR, he expressly asked the ALJ to consider them while assessing his claim and provided the means for the ALJ to obtain them. The Commissioner's brief offers no argument as to how this clear request by Plaintiff did not put the ALJ on notice of the missing ACCESS-VR records—to the contrary, the Commissioner does not mention this exchange at all.

Plaintiff also advised the ALJ during the hearing that he had recently begun physical therapy, as well as the use of medical marijuana. (*Id*. at 67). While the Commissioner contends that "when the ALJ specifically asked Plaintiff's counsel at the hearing what records might be still needed, counsel did not identify any such records" (Dkt. 15-1 at 24), the exchange that the Commissioner relies on occurred before Plaintiff revealed that he had recently begun new treatment (*see* Dkt. 12 at 46, 67). Further, an ALJ has a duty independent of Plaintiff's counsel to investigate and develop the record. *See Timothy B. v.*

*Comm'r of Soc. Sec.*, No. 1:20-CV-01668 EAW, 2022 WL 303792, at *4 (W.D.N.Y. Feb. 2, 2022) (collecting cases).

The ALJ also did not mention Plaintiff's participation in ACCESS-VR in his decision, nor did he explain why he had failed to obtain information from ACCESS-VR despite Plaintiff's specific request that he do so. There was further no mention of Plaintiff's recently commenced physical therapy. Accordingly, "the ALJ leaves the Court only able to speculate as to why the records were not procured or what information they may have contained." *Id*. at *6 (collecting cases). Under these circumstances, remand is warranted.

**B.     Remaining Arguments**

As set forth above, Plaintiff has identified additional reasons why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 13) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 15) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: May 31, 2022
       Rochester, New York